IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KRISTY DELOIS BEAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:24-CV-123-H-BV |
| | § | |
| DONOVAN DRAKE LOCKE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Kristy Delois Bean filed this action, alleging violations of her constitutional rights during a routine traffic stop. Dkt. No. 1. In accordance with Special Order 3-251, this case was automatically referred to the undersigned magistrate judge. *See* Dkt. Nos. 3, 9. Not all parties have consented to proceed before a magistrate judge, so the undersigned submits these findings, conclusions, and recommendation in accordance with the referral order. For the reasons explained below, the undersigned recommends that the United States District Judge dismiss Bean's claims.

**1.    Factual background**

Bean alleges that while she was stopped at the traffic light at the intersection of 82nd Street and Quaker Avenue in Lubbock, Texas, she noticed a police vehicle behind her. Dkt. No. 10 at 2. She explains that when the light changed to green, she turned, and the police officer followed her. *Id.* The officer activated his emergency lights, and Bean

pulled over. *Id.* Defendant Donovan Drake Locke—the police officer initiating the stop—approached Bean's window and informed her that he stopped her because her license plate was not registered. *Id.* at 1–2. Bean contested whether she was required to have the vehicle registered or insured. *Id.* at 2. Officer Locke issued Bean a traffic citation for no registration and no insurance and had the vehicle towed. Dkt. Nos. 1 at 21–22; 10 at 5. Bean disputed the ticket. Dkt. Nos. 1 at 4; 10 at 5.

Bean contends that she cannot get her vehicle back because (1) she cannot afford the impound fee, and (2) Lubbock Wrecker Service requires insurance and title to retrieve a vehicle from impound. Dkt. Nos. 10 at 3–4; Dkt. No. 1 at 4. Bean explains that when she purchased the vehicle, the sellers provided a bill of sale and promised to tender title later, but they never did. Dkt. No. 10 at 4. Bean does not have insurance for the vehicle, and she admits that she did not have insurance when Officer Locke stopped her. *Id.* at 3. In Bean's view, insurance and registration are not required because she was "travelling not driving," and those items are mandatory only when driving. *Id.* at 2.

Based on this incident, Bean asserts claims against Officer Locke for unreasonable seizure under the Fourth Amendment and for the alleged unlawful impoundment of her vehicle in violation of her due process rights under the Fifth Amendment. Dkt. Nos. 1 at 4, 6; 10 at 1–2. She also brings claims against Lubbock Police Chief Greg Rushin for the allegedly wrongful acts of Officer Locke and because Rushin "has not taken the proper steps to train [his] officers on the U.S. Constitution and the amendments necessary for dealing with the public . . . ." Dkt. Nos. 1 at 7; 10 at 5. Bean seeks monetary damages. Dkt. No. 1 at 4.

2.  **Standard of Review**

Section 1915(e) requires dismissal of an *in forma pauperis* complaint *at any time* if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (per curiam) (affirming dismissal of pro se, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii)). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly baseless factual contentions, and it lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327. When analyzing a pro se plaintiff's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 233–34 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469

3

(5th Cir. 2016) (per curiam). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must still plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### 3. Analysis

#### A. Bean's claims against Officer Locke are *Heck*-barred.

Bean brings a claim under the Fourth Amendment against Officer Locke for allegedly initiating a traffic stop without reasonable suspicion. Dkt. Nos. 1 at 4, 6; 10 at 1–2, 7. She also asserts that Officer Locke violated her due process rights by impounding her vehicle. Dkt. Nos. 1 at 4, 6; 10 at 1.

Bean's claims against Officer Locke stemming from the alleged illegal traffic stop are *Heck*-barred. Under *Heck*, "if a judgment in a plaintiff's favor would necessarily imply the invalidity of her conviction, the plaintiff can recover [on a § 1983 claim] only by showing that the conviction was reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus." *Johnson v. Thibodaux City*, 887 F.3d 726, 732 (5th Cir. 2018) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). "*Heck* bars claims for 'unconstitutional conviction or imprisonment' as well as claims 'for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid.'" *Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004) (per curiam) (quoting *Heck*, 512 U.S. at 486). "Thus, unless his conviction has been overturned, a plaintiff cannot bring a § 1983 claim if prevailing on that claim would imply that his conviction was invalid." *Id.*

4

Under Texas law, the issuance of a written traffic ticket for a fine-only misdemeanor "serves as a complaint to which the defendant may plead 'guilty,' 'not guilty,' or 'nolo contendere.'" Tex. Code Crim. P. art. 27.14(d). In Texas, operating a motor vehicle without registration or insurance is a misdemeanor offense punishable by a fine only. Tex. Transp. Code §§ 502.471, 601.191. Payment of the fine on a traffic ticket "constitutes a finding of guilty in open court as though a plea of nolo contendere had been entered." Tex. Code Crim. P. art. 27.14(c). Thus, while the issuance of a traffic ticket would not constitute a conviction, paying the ticket or being found guilty of the offense in traffic court would. *See Johnson*, 887 F.3d at 732 (holding that a nolo contendere plea is considered a conviction).

Bean indicates that she pled guilty to having no registration. Dkt. No. 14 at 2. If this Court were to find Officer Locke's traffic stop illegal, it would imply that any conviction against Bean is invalid. Thus, the undersigned concludes that Bean's Fourth Amendment claim is *Heck*-barred. *See, e.g., Taylor v. Hale*, 396 F. App'x 116, 116–17 (5th Cir. 2010) (per curiam) (affirming dismissal of plaintiff's claims against defendants, who issued "a traffic citation for driving without a license," because plaintiff "failed to set forth a legally cognizable claim against the defendants" (citing, among other cases, *Heck*, 512 U.S. at 486–87)); *Justice v. Moreau*, No. 9:24-CV-156-MJT-CLS, 2025 WL 806639, at *14–15 (E.D. Tex. Jan. 23, 2025) (concluding plaintiff's claims arising out of a traffic stop were barred by *Heck* due to plaintiff's conviction of a misdemeanor related to the same stop), *R. & R. adopted by* 2025 WL 518177 (E.D. Tex. Feb. 15, 2025).

Bean also alleges that Officer Locke deprived her of her due process and property rights under the Fifth Amendment when he impounded her vehicle. *See* Dkt. Nos. 1 at 4, 6; 10 at 1–2. Bean claims that the real reason Officer Locke impounded her vehicle is not because of lack of registration, but rather because "he felt like [Bean] was going against his authority." Dkt. No. 10 at 3.

For the same reasons discussed above, a judgment for Bean on these claims would undermine the validity of her conviction. Bean's lack of registration was a sufficient ground for impoundment of her vehicle. *See United States v. McKinnon*, 681 F.3d 203, 208–09 (5th Cir. 2012) (per curiam) (finding that when a person does not have valid insurance or registration, an officer is justified in impounding the vehicle because it cannot lawfully be driven away from the scene). And because Bean pleaded guilty to having no registration, her claims based on the impoundment are *Heck*-barred.

Bean's no-registration guilty plea bars Bean's Fourth Amendment and due process claims under *Heck*. The undersigned, therefore, recommends the district judge to dismiss Bean's claims against Officer Locke.

### B.  Bean cannot state viable claims against Chief Rushin.

Bean asserts a failure-to-train claim against Chief Rushin. Dkt. No. 1 at 7. To state a viable supervisory-liability or failure-to-train claim, a plaintiff must demonstrate that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citation

6

omitted). However, "[i]f *Heck* bars a challenge to the underlying constitutional violation, it also bars a challenge against a supervisor based upon that underlying constitutional violation." *Webb v. Owens*, 308 F. App'x 775, 776 (5th Cir. 2009) (per curiam) (citing *Connors v. Graves*, 538 F.3d 373, 377–78 (5th Cir. 2008)).

Here, Bean's claims against Chief Rushin are based on the alleged illegal acts of Officer Locke and purported failure "to train [his] officers on the U.S. Constitution and the amendments necessary for dealing with the public . . ." during traffic stops. Dkt. Nos. 1 at 7; 10 at 5. *Heck* bars Bean's claim that Locke acted illegally during the traffic stop, so it also bars the challenges based on the alleged constitutional wrong. The undersigned recommends that the district judge dismiss Bean's claims against Chief Rushin.

### 4. Recommendation

In accordance with 28 U.S.C. § 1915, the undersigned **RECOMMENDS** that the United States District Judge dismiss all of Bean's claims with prejudice to their being asserted again until the *Heck* conditions are met. And considering this recommendation, the undersigned further recommends the district judge **DENY as moot** Bean's pending motion for appointment of counsel. Dkt. No. 13.

### 5. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion,

7

or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 3, 2025.

_____
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE